**Petition for Writ of Mandamus Denied and Memorandum Majority and Dissenting Opinions filed August 15, 2024.**



**In The**

# Fourteenth Court of Appeals

---

## NO. 14-24-00445-CR

---

### IN RE DARRELL WILLIAMS, Relator

---

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**
**174th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1491754**

---

### MEMORANDUM DISSENTING OPINION

The idea that an incarcerated person can get this court to issue a writ of mandamus to compel a trial judge to rule on a motion in a criminal proceeding is akin to the Myth of Sisyphus. *See generally In re Williams*, 672 S.W.3d 683, 683–84 (Tex. App.—Houston [14th Dist.] 2023, orig. proceeding) (Spain, J., dissenting). But maybe I'm wrong and one day this court will. I certainly hope so.

In this original proceeding, the majority specifically denies the petition for a writ of mandamus because of a procedural defect: "Relator is not entitled to mandamus relief because he has not provided this court with any mandamus record." I would give relator notice and an opportunity to cure, and if relator does not cure the procedural defect, then I would dismiss for want of prosecution. That only seems fundamentally fair.

If relator were to cure the procedural defect, then the majority might return to its heads-I-win-tails-you-lose position requiring something that relator cannot do, get a day pass from the Texas Department of Criminal Justice's Charles T. Terrell Unit, go to the trial court, and present his motion to the presiding judge for a ruling. Alternately, if it's true that relator has filed a motion in the trial court by mail, then the presiding judge could just do their job and rule on it. There is so much stubborn hope in the human heart.

But for today, I dissent to the court's failure to give relator notice and an opportunity to cure.

/s/    Charles A. Spain
        Justice

Panel consists of Chief Justice Christopher and Justices Jewell and Spain (Spain, J., dissenting).

Do Not Publish — Tex. R. App. P. 47.2(b).